Eastern District of Kentucky
F I L E D
OCT 16 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

LEONEL MARTINEZ,  )
)
Plaintiff,  )  Civil No. 0:19-006-HRW
)
v.  )
)
KATHY LITTERAL, *et al.*,  )  **MEMORANDUM OPINION**
)  **AND ORDER**
Defendants.  )
)

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without an attorney, Plaintiff Leonel Martinez filed a civil rights action against prison officials pursuant to 42 U.S.C. § 1983. [D.E. No. 1] The Court previously entered an Order granting Martinez's motion to proceed *in forma pauperis* permitting him to pay his filing fee in installments and directing him to pay an initial partial filing fee of $13.09 to the Clerk of the Court within 28 days. [D.E. No. 7] After Martinez failed to do so, the Court entered an Order directing Martinez to show cause within 28 days why the matter should not be dismissed for failure to prosecute in light of his failure to pay the initial partial filing fee. [D.E. No. 8] Shortly thereafter, Martinez filed a "motion to show cause," claiming that officials at the Green River Correctional Complex were obstructing his efforts to pay the initial partial filing fee. [R. 9] However, the Court has now received Martinez's

1

initial partial filing fee [R. 10], thus the "motion to show cause" will be denied as moot.

The Court must conduct a preliminary review of Martinez's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007).

The Court evaluates Martinez's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ.

P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555.

The allegations of Martinez's complaint are set forth in a somewhat rambling and disjointed narrative, thus they are not entirely clear. However, from what the Court is able to ascertain, Martinez alleges that on March 7, 2018, he was attacked in a racially-motivated assault by seven officials at the Eastern Kentucky Correctional Complex ("EKCC") (the facility in which Martinez was previously housed) whom he identifies as Defendants Garret Hensley, William Seabolt, Nathan Cantrell, Derek Mays, Toby Smith, Felton Aberham, and Christopher Bank. [D.E. No. 1 at p. 2] He claims that the assault was also in retaliation for a lawsuit that Martinez had filed. Based on these allegations, Martinez alleges claims for violation of the Fourteenth and Eighth Amendment. He also alleges a First Amendment retaliation claim. [D.E. No. 1]

Martinez also claims that he has been denied medical care for racially-discriminatory reasons in violation of the Eighth and Fourteenth Amendments. Specifically, he alleges that Defendants Tyara Hughes, APRN, and Health Services Administrator Sherry Johnson "refused to treat hispanic inmates for all serious medical needs." [D.E. No. 1 at p. 7] Martinez claims that he suffers from chronic back pain and was prescribed a TENS unit for back pain and was given a bottom

3

bunk due to his back condition. [*Id.*] However, he alleges that Hughes and Johnson have denied him any access to his TENS unit and bottom bunk and bottom bunks are only given to white inmates. [*Id.*] He also alleges that former Kentucky Department of Corrections ("KDOC") Commissioner James Erwin, KDOC Health Services Division employee Cookie Crews, and Kentucky Board of Nursing RSN, Nurse Tino Ann "supervise or investigative branch, they have refused to do anything to stop all the racial discrimination against me due to my race." [*Id.*]

After conducting a preliminary review of Martinez's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, the Court finds that Martinez's allegations of discrimination, use of excessive force, and retaliation against the prison officials he alleges directly participated in his alleged assault – Defendants Hensley, Seabolt, Cantrell, Mays, Smith, Aberham, and Bank – are sufficient to require a response from those Defendants with respect to his First, Eighth, and Fourteenth Amendment claims before these claims may be adjudicated further. In addition, Martinez's claims of discrimination and deliberate indifference to Martinez's serious medical needs made against Hughes and Johnson are sufficient to require a response from those Defendants with respect to his Eighth and Fourteenth Amendment claims. Because Martinez in proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve the summons and complaint on Martinez's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

However, the Court will dismiss Martinez's claims against Warden Kathy Litteral, former KDOC Commissioner James Erwin, Ann Tino, and Margaret Jenkins, for failure to state a claim, as Martinez fails to allege what any of these Defendants did or did not do in violation of Martinez's constitutional rights. Personal liability in a § 1983 action hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

With respect to Defendant Margaret Jenkins, Martinez alleges "cto MARGARET JENKINS false misleading EKCC officials to had the officials to racial assaulted the plaintiff based in his race also [in reprisal] for exercising his legal rights in this court which clearly violation under 14th Amendment of UNITED STATES Constitution." However, this incoherent sentence fails to allege in any clear way that Jenkins was personally involved in any conduct that violated Martinez's constitutional rights.

In addition, the complaint fails to make any allegations at all against Litteral. Rather, Martinez seeks to hold Litteral, Erwin, and Ann responsible in their

5

respective capacities as supervisors. However, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, for a supervisor to be held liable under § 1983, he or she must have personal involvement in the alleged unconstitutional conduct in order to be held liable for the conduct about which the plaintiff complains. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that a defendant acted in a supervisory capacity is not enough: *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County*, 454 U.S. at 325-26.

Martinez does not allege that either Litteral, Erwin, Ann, or Jenkins were personally involved in the alleged assault, the discriminatory conduct, and/or the denial of medical treatment about which he complains. Accordingly, the Court will dismiss the claims against these Defendants without prejudice.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Martinez's "motion to show cause" [D.E. No. 9] is **DENIED AS MOOT**.

2. Martinez' claims against Defendants Warden Kathy Litteral, Commissioner James Erwin, Ann Tino, and Margaret Jenkins are **DISMISSED WITHOUT PREJUDICE** and these Defendants are **DISMISSED AS PARTIES**.

3. The Ashland Deputy Clerk shall prepare a "Service Packet" for service upon Defendants CO Garret Hensley, CO William Seabolt, CO Nathan Cantrell, CO Derek Mays, CO Toby Smith, Lt. Felton Aberham, IA Christopher Bank, APRN Tyara Hughes, and HSA Sherry Johnson. The Service Packet shall include:

    a. a completed summons form;

    b. the complaint [D.E. No. 1];

    c. the Order granting Martinez *in forma pauperis* status [D.E. No. 7];

    d. this Order; and

    e. a completed USM Form 285.

4. The Ashland Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

5. The USMS shall personally serve a Service Packet upon Defendants CO Garret Hensley, CO William Seabolt, CO Nathan Cantrell, CO Derek Mays, CO Toby Smith, Lt. Felton Aberham, IA Christopher Bank, APRN Tyara Hughes, and HSA Sherry Johnson at the Eastern

Kentucky Correctional Complex ("EKCC") in West Liberty, Kentucky through arrangement with the Kentucky Department of Corrections

6. Martinez must immediately advise the Clerk's Office of any change in his current mailing address. **Failure to do so may result in dismissal of this case.**

7. If Martinez wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Martinez files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This 16th day of October, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge