UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:19-CV-06-HRW

LEONEL MARTINEZ,                                                             PLAINTIFF,

V.                                  **RECOMMENDED DISPOSITION**

KATHY LITTERAL, *et al.*,                                    DEFENDANTS.

*** *** *** ***

Leonel Martinez ("Martinez") seeks to amend his complaint and add defendants. [R. 43]. For the reasons below, the undersigned recommends that the motion be denied.

### I. BACKGROUND

Martinez is an inmate at the Kentucky State Penitentiary (KSP) in Eddyville, Kentucky. He filed this civil rights suit against prison officials at the Eastern Kentucky Correctional Complex (EKCC) pursuant to 42 U.S.C. § 1983. After a preliminary review per 28 U.S.C. §§ 1915(e)(2), 1915A, the Court allowed the action to proceed against nine (9) of the thirteen (13) named defendants in the Complaint. [*See* R. 11]. The causes of action that remain arise under the First, Eighth, and Fourteenth Amendments, and include allegations of: discrimination, use of excessive force, retaliation and deliberate indifference to serious medical needs.

As a result of an alleged racially-motivated attack on March 7, 2018 by seven EKCC officials, Martinez alleges that his rights as guaranteed by the Eighth and Fourteenth Amendments were violated. Additionally, he asserts a First Amendment violation, stating that he suffered retaliation for filing a prior lawsuit. Lastly, Martinez alleges that he was

denied access to medical care for chronic back pain due to racially-discriminatory reasons, all in violation of the Eighth and Fourteenth Amendments.

In the current motion, Martinez seeks to add Deputy Commissioner Randy White, KSP Warden DeEdra Hart, and three other KSP medical staff members to this litigation as defendants based on acts that allegedly occurred while he has been incarcerated at the Kentucky State Penitentiary, in Eddyville, Kentucky. As grounds, he argues that the officials have:

> j[u]stif[ied] all staff misconduct, retaliation[,] and racial abuse…[by helping place the] plaintiff in segregation to ce[n]sor[] … and … unlawfully obstruct [him] from me[e]ting … court deadline[s. And further that] plaintiff [ha]s been [the] victim of ag[g]ressive h[o]stil[ity] every day due to this case, [as well as]… h[a]s been deni[ed] all medical treatment by [the KSP] medical [d]epartment.

[R. 43 at 1-2].

## II.  DISCUSSION

The Court evaluates Martinez's motion to amend his complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardu*s, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Even so, the principles requiring generous construction of pro se pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Roberts v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Pro se litigants are still required to follow rules and are bound to the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Under Federal Rule of Civil Procedure 15(a), a party may amend his pleadings in one of two ways. First, a party may amend as a matter of course within 21 days after serving it or within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A)-(B). For

amendments that fall outside of those time periods, amendment to the pleadings may only be made after obtaining leave of court, meaning "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.' " *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). Whether to grant a motion to amend is within the sound discretion of the court. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Martinez seeks to amend his complaint to add claims against five new defendants to this action. He argues that the defendants have unlawfully kept him in segregation in an effort to retaliate against him due to racially discriminatory reasons. He also argues that he has been denied medical care. Unfortunately, however, there are several reasons to deny Martinez motion in this instance.

This is Martinez's second motion to amend his complaint to add additional defendants. [*See* R. 16]. He previously sought to add "Cookie Crews" as a defendant, but the Court denied the motion on several grounds, which are pertinent here. First, the Court noted that Martinez "fail[ed] to tender a proposed amended complaint, a necessary step" in considering the amendment's futility. [R. 18 at 4-5]. But in any case, the Court found that *even if*, Martinez had tendered an amended complaint, it would still be subject to denial because his claims could not survive a motion to dismiss. The claims against Crews were in his supervisory capacity, and thus, could not stand because he was not personally involved in the alleged conduct of his employees. [R. 16 at 6 ("The mere fact that a defendant acted in a

supervisory capacity is not enough: *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action.")].

Martinez's current motion is like his previous motion. Martinez alleges to have been: (1) placed in segregation after a "cable" incident which created a potential fire hazard; (2) a victim of sexual harassment due to an officer having watched him shower for an entire year; (3) denied a mask by the medical department when he sought to protect himself against COVID-19; (4) denied review on all grievance form submissions; (5) the victim of racial slurs, remarks and other threats; and (6) denied available jobs and programs because of his race. Although Martinez makes vague references to defendants Randy White and DeEdra Hart, the Court cannot tell what, if any responsibility the other captioned defendants (*i.e.*, "K. Panzetti," "APRN Karen Rahey," and "APRN Kin Jernigan") had in this case. Martinez also makes several references to other prison officials, including: Officer Michael Lamb, Supervisor Samantha M. Whatt, "Jovan B.," "Staley," Grievance Coordinator Roger Mitchell, Sergeant Lauren Hawking, Jill Roberpson, Officer Jeffrey, and Attorney Mark F. Bizzell. These individuals are not, however, listed in the caption but Martinez alleges that they have all contributed to the alleged harm in some respects.

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir.1980)). To survive a motion to dismiss, sufficient factual allegations must be plead in order to state a plausible claim of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Similar to Martinez's previous motion, the Court notes that Martinez has not attached a proposed amended complaint. This prevents the Court from evaluating whether the proposed amendment would be futile. *See Iqbal*, 556 U.S. at 676 (noting that a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution"). Even assuming Martinez had attached an amended complaint, given the claims and allegations alleged herein, it would be subject to dismissal. The Court cannot tell what, if any, alleged unconstitutional acts the captioned defendants in Martinez's motion have committed. To the extent he argues that Deputy Commissioner Randy White and KSP Warden DeEdra Hart have wronged him by refusing to respond to his grievances, the Court has already instructed Martinez that such officials cannot be held liable under § 1983 for denying or failing to act on grievances. [*See* R. 18 at 6 (citing *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008))]. Indeed, to the extent that Martinez is angered by the segregation placements, the Court notes that any penalties and relevant classification decisions with respect to state prisoners are within the discretion of jail or prison officials. *See e.g.*, 501 Ky. Admin. Regs. 6:020. At the moment, the Court cannot see a reason to interfere. *See LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) ("Absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed.").

Furthermore, Martinez is attempting to add defendants and discuss activities that took place well after the filing of this lawsuit, occurring only recently. These can hardly be found to relate to the original complaint in the matter. Should Martinez seek to file a new lawsuit, he must ensure that he has complied with the grievance procedure to file a new lawsuit. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). To properly exhaust, Martinez must complete the

administrative review process in accordance with the prison's deadlines and other procedural rules. *Jones v. Bock*, 549 U.S. 199, 217–18 (2007). While Martinez purports to argue that he has complied with the prison's grievance procedure, by attaching copies of his submitted grievances to his motion, the Court cannot discern whether he has actually exhausted his administrative remedies. The failure of a prisoner to exhaust administrative remedies is an affirmative defense, which the defendant bears the burden of establishing. *Jones*, 549 U.S. at 216.

### III.  RECOMMENDATION

In sum, the undersigned recommends that Martinez's motion [R. 43] be **denied** because it fails to comport with the law, and lacks any plausible, substantive, and factual allegations. Accordingly, as a final point, the undersigned reminds Martinez that:

> Any person proceeding pro se who repeatedly files frivolous and/or abusive motions abuses the right to represent himself without counsel and the privilege of proceeding without payment of the filing fee, and imposes a heavy burden upon the resources of the court at the expense of other litigants with potentially meritorious claims. Such conduct serves no legitimate purpose and places a tremendous burden on this Court's limited resources while depriving other litigants with plausible claims of the speedy resolution of their cases.
>
> Martinez is advised that future frivolous or abusive motions filed in this case may be summarily denied or stricken from the record. In addition, should these filings continue, the Court may impose other sanctions necessary and appropriate to deter such conduct, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991 ), including the imposition of monetary sanctions, future filing restrictions, and/or holding Martinez in contempt of court. *Id.*; *See also* Fed. R. Civ. P. 11 (authorizing sanctions for violations of Rule 11, including for presenting a pleading, motion or other paper for an improper purpose or for presenting factual contentions with no evidentiary support).

[R. 18 at 7-9].

Signed May 13, 2020.



Signed By:
*Edward B. Atkins* *EBA*
United States Magistrate Judge